UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JUSTIN DAVID KYLE                                                                        PLAINTIFF

v.                                                         CIVIL ACTION NO. 4:10CV-P132-M

CAPTAIN BILLINGS et al.                                                DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Justin David Kyle, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, a pretrial detainee at the Daviess County Detention Center (DCDC), sues in his individual and official capacity DCDC Captain Billings. He also sues Jailer David Osborne. He states that his due process rights have been violated in that he has been denied access to a law library. He further asserts that he is unable to help his lawyer help him at this time. As relief, Plaintiff wants monetary and punitive damages and injunctive relief.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The first inquiry in any § 1983 case is whether a deprivation of a right secured by the Constitution or laws of the United States has occurred. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). In order to state a claim under § 1983, the plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Prisoners do have a right of access to the courts, but it does not guarantee access to a prison law library. *Id.*; *Bounds v. Smith,* 430 U.S. 817, 830-31 (1977); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Even when an inmate claims his access to the courts was denied *merely* because he was denied access to the prison library, or certain books, he fails to state a claim absent any showing of prejudice to his litigation. *Walter v. Mintzes,* 771 F.2d at 932. In order to state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.").

2

Moreover, Plaintiff claims that because of his lack of access to a law library he is unable to effectively assist his lawyer in his criminal defense. Thus, he obviously has counsel representing him in his criminal action. "[A] prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983). Plaintiff has failed to state a claim of a deprivation of a constitutional right.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss this action.

Date:


cc: Plaintiff, *pro se*
 Defendants
 Daviess County Attorney
4414.009

3